UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JORGE EDUARDO CRISTOBAL AMEZCUA,

Petitioner,

v.

CHRISTOPHER LAROSE,

Respondent.

Case No.:  3:26-cv-1340-CAB-DDL

**ORDER DISMISSING AMENDED PETITION FOR A WRIT OF HABEAS CORPUS**

On March 2, 2026, Petitioner Jorge Eduardo Cristobal Amezcua, an immigration detainee proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]   On April 1, 2026, Petitioner received a bond hearing with an immigration judge ("IJ").  [Doc. No. 8 at 1.]  The IJ granted Petitioner voluntary return to Mexico by June 1, 2026 with release from detention within five business days of the order and payment of a bond.  [*Id.*]  On April 22, 2026, the Court denied Petitioner's Petition as moot and closed the case based on Respondent's representation that Petitioner had been released from custody.  [Doc. No. 11.]  On May 11, 2026, Respondent filed a notice stating that because Petitioner appealed the IJ's voluntary return order, Petitioner

1

had not been released from custody despite the prior notice to the contrary. [Doc. No. 14 at 1–2.]

Now before the Court is Petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 15 ("Amended Petition").] Petitioner claims he is being detained by immigration authorities in violation of the Fifth Amendment. [*Id.* at 6–7.] He seeks immediate release or, at minimum, a bond hearing before a neutral decisionmaker. [*Id.* at 6–7.] For the reasons below, the Court **DENIES** the Amended Petition.

## I.    PENDING BIA APPEAL

The Amended Petition asks this Court to order a bond hearing, but Petitioner received a bond hearing after filing his initial Petition. [Doc. No. 8 at 1.] By asking this Court to order another bond hearing, Petitioner seeks to have this Court review the IJ's determination. Petitioner's appeal is not properly before this Court because Petitioner must first exhaust his administrative remedies through the Board of Immigration Appeals ("BIA"). *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) ("[Petitioner] should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). Petitioner currently has an appeal pending with the BIA, which is the proper court to review Petitioner's bond determination. The Court declines to review the IJ's decision.

## II.    CONCLUSION

Based on the foregoing, the Court finds that Petitioner's case is properly before the BIA and not this Court. The Court therefore **DENIES** the petition for writ of habeas corpus. Petitioner may be interested in contacting Federal Defenders of San Diego to see if a Federal Defender can represent Petitioner for his appeal to the BIA.

///

///

///

///

2

3:26-cv-1340-CAB-DDL

The telephone number for Federal Defenders' San Diego Office is 619-234-8467 (Toll Free: 888-614-9867) and the El Centro Office is 760-335-3510 (Toll Free: 877-404-9063).

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated:  June 1, 2026

_____

Hon. Cathy Ann Bencivengo
United States District Judge